IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:98-CR-128

| | |
|---|---|
| ANDREA JOY JAMES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on Petitioner's Motion for Reconsideration, Petitioner's Petition for Writ of Coram Nobis, and Petitioner's Motion for an Extension of Time. Petitioner's Motions are both DENIED and Petitioner's Petition is DISMISSED.

## I.  BACKGROUND

On July 15, 1999, a jury convicted the Petitioner of conspiracy to distribute controlled substances under 21 U.S.C. § 846, distribution of controlled substances under 21 U.S.C. § 841, and aiding and abetting the same under 18 U.S.C. 2. (DE 3). On December 17, 1999, the Court sentenced Petitioner to 330 months' imprisonment, five years of supervised release, and a $200 special assessment. (DE 55).

On December 20, 1999, Petitioner filed a notice of appeal (D.E. #54) and the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. (D.E. #56).

Thereafter, Petitioner attempted several times to attack her sentence collaterally. On April 8, 2002, Petitioner filed a motion to vacate her sentence under 28 U.S.C. § 2255. (D.E. #58). On August 14, 2002, the Court granted Government's motion for summary judgment in this matter.

(D.E. #64).On September 4, 2002, Petitioner filed a notice of appeal. (D.E. #66). On March 17, 2003, the Fourth Circuit dismissed Petitioner's appeal. (D.E. #69). On April 4, 2008, Petitioner filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582. (D.E. #81). On December 17, 2009, the Court held a hearing on Petitioner's motion and then denied the motion in a written order. (D.E. ##86, 87).

On October 18, 2010, the Petitioner filed a motion seeking appointment of counsel and attached an order in United States v. Miller, No. 4:89-CR-12(JMR), 2010 U.S. Dist LEXIS 79763 (Dist. Minn. August 6, 2010), in support of her motion. (D.E. #88). On December 21, 2010, the Court issued an order denying Petitioner's motion to appoint counsel. (D.E. #95).

On January 10, 2011 and April 29, 2011, the Petitioner filed her two instant motions.

## II. DISCUSSION

Both of Petitioner's motions fail to state a claim. Additionally, Petitioner fails to provide sufficient cause for an extension of time to file a response.

### A. Motion for Reconsideration

Petitioner's motion for reconsideration asks once more for an order appointing counsel to assist Petitioner in preparing Petitioner's motion to reduce her sentence pursuant to 18 U.S.C. § 3582.

The Court has already twice considered and twice denied Petitioner's request for a reduction of sentence under § 3582. Petitioner has provided no new reasons for the Court to reconsider its denial. Petitioner's Motion for Reconsideration is thus denied.

### B. Writ of Coram Nobis Relief

Petitioner's writ of Coram Nobis Relief requests the vacation of her judgment of conviction to allow Petitioner to plead guilty in order to avoid deportation. Petitioner argues that

her trial counsel's advice caused her to plead not guilty and go to trial, as a result of which Petitioner now faces deportation. Petitioner further asserts her trial counsel provided her with ineffective assistance of counsel.

Petitioner's motion should be denied because (1) Petitioner is still in the custody under sentence of conviction and thus a writ of Coram Nobis is unavailable to Petitioner, (2) Petitioner was not entitled to a plea agreement that contained a limitation on immigration officials right to deport petitioner, and (3) Petitioner's motion fails to establish that her trial counsel's performance was in any way deficient.

Petitioner was sentenced to 330 months' imprisonment in 1998 and is still currently serving her sentence. Thus, Petitioner is not entitled to a writ of coram nobis to correct the alleged error. Such a writ is available only in limited circumstances and only if the person is no longer in custody. United States v. Mandel, 826 F.2d 1067, 1075 (4th Cir. 1988). Petitioner's remedy to collaterally attack her sentence was in the filing of a § 2255 motion, which remedy Petitioner has already exhausted.

Even if Petitioner were allowed to raise the deportation issue in the present motion, Petitioner's motion would still fail. The Government was not obligated to offer a plea agreement that contained a provision limiting the power of immigration officials to deport Petitioner.

Lastly, Petitioner's motion fails to establish her trial counsel provided her with ineffective assistance of counsel. To demonstrate an attorney provided ineffective assistance of counsel, Petitioner must establish (1) that trial counsel's representation fell below "an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-691, 694 (1984). There is a presumption that an attorney conduct

was within the wide range of professional conduct. Strickland, 466 U.S. at 689. Further, as to the second prong, Petitioner bears the burden of proving prejudice and if he fails to do so, " a reviewing court need not consider the performance prong." Strickland, 466 U.S. at 697.

Here, Petitioner asserts that her trial counsel failed to inform her of the deportation consequences of going to trial. She argues that had she known, she would have pleaded guilty to a plea agreement that limited immigration officials' rights to deport her. Petitioner's argument assumes, with no support for the assumption, that such a plea agreement would have been extended. Thus even assuming insufficient performance, Petitioner has not adequately alleged she was prejudiced by such performance.

Moreover, Petitioner's reliance on Padilla v. Kentucky, 130 S.Ct. 1473 (2010), is misplaced. Unlike the defendant in Padilla, Petitioner did not enter a plea agreement based on counsel's advice, and instead went to trial.

Even if Padilla did apply, it is unlikely that the Fourth Circuit would find Padilla retroactive on collateral review.[1] The Fourth Circuit has stated in dicta in an unpublished decision that "nothing in the Padilla decision indicates that it is retroactively applicable to cases on collateral review." United States v. Hernandez–Monreal, 404 Fed.Appx. 714, 715, n.* (4th Cir.2010) (citation omitted). District Courts have been split on Padilla's retroactively, but the two district courts to decide the issue in the Fourth Circuit have found it not retroactive. Mendoza v. United States,---- F.Supp.2d ----, No. 1:01cr214, 2011 WL 1226475 (E.D. Va., March 24, 2011); Doan v. United States, —— F.Supp.2d ——, no. 1:08cv958, 2011 WL 116811 (E.D. Va. Jan.4, 2011).

---

[1] It seems that the only Court of Appeals to directly address Padilla's retroactivity is the Third Circuit, who recently found Padilla is retroactive on collateral review. United States v. Orocio, --- F.3d ----, 2011 WL 2557232 (3rd Cir., June 29, 2011).

C. <u>Motion for an Extension of Time</u>

Petitioner requests an extension of time to file a response. Petitioner states she needs the extension so she can acquire the transcript from her sentencing hearing. There is no indication however, that the sentencing hearing transcript is in any way relevant to the issues currently before the Court. The extension is thus denied.

III. <u>CONCLUSION</u>

Petitioner's Motion for Reconsideration and Motion for an Extension of Time to File a Response are DENIED. Petitioner's Petition for Writ of Coram Nobis is DISMISSED.

SO ORDERED, this 23 day of July, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE