IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:98-CR-128-1-BO
No. 5:13-CV-512-BO

| | | |
|---|---|---|
| ANDREA JOY JAMES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion pursuant to Fed. R. Civ. P. 60(b) to reopen the § 2255 proceedings. Also before the Court is petitioner's motion for leave to proceed *in forma pauperis*. The government has responded to the substantive motion, petitioner has replied, and the motions are ripe for ruling.

## BACKGROUND

Petitioner was sentenced by this Court on December 17, 1999, to a term of 330 months' imprisonment after a jury convicted her of conspiracy to distribute controlled substances under 21 U.S.C. § 846, distribution of controlled substances under 21 U.S.C. § 841, and aiding and abetting the same under 18 U.S.C. § 2. [DE 55]. Petitioner appealed, and the court of appeals affirmed petitioner's conviction and sentence. [DE 56]. On April 8, 2002, petitioner filed a motion to vacate her sentence under 28 U.S.C. § 2255 arguing that she received the ineffective assistance of counsel, that her relevant conduct exceeded the statutory amount, that she was receiving cruel and harsh treatment, and that she was eligible for but did not receive the safety valve. [DE 58]. The Court granted the government's motion for summary judgment and

dismissed petitioner's motion to vacate. [DE 64]. Petitioner's appeal of that order was dismissed by the court of appeals. [DE 69]. Petitioner thereafter filed a motion for reduction of sentence and a motion for reconsideration of sentence which were dismissed as second or successive § 2255 petitions. [DE 74 & 77]. After several other attempts to reduce her sentence were denied, petitioner again filed a motion pursuant to 28 U.S.C. § 2255, which was dismissed as second or successive. [DE 109].

On February 21, 2017, petitioner filed the instant motion for leave to proceed *in forma pauperis* and motion under Rule 60(b) to reopen § 2255 proceedings. In her substantive motion, petitioner asks that the Court reduce her sentence on each count to 220 months' imprisonment and to run each sentence concurrently; doing so would result in petitioner's immediate release from prison. The basis for her motion is what petitioner has identified as the *Holloway* doctrine, which derives from a case in the Eastern District of New York wherein the court, with the concurrence and consent of the Office of the United States Attorney, vacated two of Holloway's convictions after Holloway moved to reopen his § 2255 proceedings. *United States v. Holloway*, 68 F. Supp. 3d 310, 311 (E.D.N.Y. 2014).

## DISCUSSION

Petitioner is not required to pay the filing fee in order to file a motion under Rule 60(b) or 28 U.S.C. § 2255, and her motion for leave to proceed *in forma pauperis* is denied as moot. Rule 60(b) of the Federal Rules of Civil Procedure permits a court to relieve a party from final judgment under six enumerated circumstances, which include mistake or excusable neglect, newly discovered evidence, fraud or misrepresentation, judgment having become void, satisfaction of the judgment, or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6).

> Rule 60(b) applies to § 2255 proceedings, but only to the extent that it is not inconsistent with applicable statutory provisions and rules. Therefore, a Rule

2

> 60(b) motion in a habeas proceeding that attacks the substance of the federal court's resolution of a claim on the merits is not a true Rule 60(b) motion, but rather a successive habeas petition. A successive habeas petition may not be filed in district court without preauthorization from a court of appeals under § 2244(b)(3)(A). A Rule 60(b) motion that challenges some defect in the integrity of the federal habeas proceedings, however, is a true Rule 60(b) motion, and is not subject to the preauthorization requirement.

*United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (internal alterations, quotations, and citations omitted).

Petitioner's current motion, though denominated as a motion under Rule 60(b)[1], plainly attacks the substance of her sentence and raises no challenge to the integrity of her habeas proceedings. Her motion is thus properly re-characterized as a motion under 28 U.S.C. § 2255 and is second or successive. As the court of appeals has not authorized petitioner to file a second or successive § 2255 petition, this Court is without jurisdiction to consider it and it must be dismissed. *See United States v. Winestock*, 340 F.3d 200, 206–07 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence"); 28 U.S.C. § 2255(h) (appropriate court of appeals must certify a second or successive motion for filing); Fed. R. Civ. P. 12(b)(1). Petitioner need not be provided with notice of the Court's re-characterization of her motion as it has been construed as second or successive under § 2255(h). *See United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002); *United States v. Brown*, 132 Fed. App'x 430, 431 (4th Cir. 2005) (unpublished).

Moreover, as the government has noted in its response to petitioner's *Holloway* doctrine argument, there were "no legal avenues or bases for vacating" Holloway's convictions absent agreement by the government to such relief. *Holloway*, 68 F. Supp. 3d at 314. The government

---

[1] Petitioner states in her reply to the government's response that she has moved under Rule 60(b)(6); Rule 60(b)(6) is applicable only in extraordinary circumstances. *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (en banc).

3

here has flatly stated that it does not agree to the relief provided in *Holloway* for petitioner. Accordingly, even if the Court were inclined to revisit petitioner's sentence under some circumstance, it is without the authority to do so in this posture.

## CONCLUSION

Accordingly, for the foregoing reasons, petitioner's motion to proceed *in forma pauperis* [DE 123] is DENIED AS MOOT. Petitioner's Rule 60(b) motion [DE 124] is DISMISSED. As reasonable jurists would not find this Court's dismissal of petitioner's motion debatable, a certificate of appealability is DENIED. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

SO ORDERED, this __11__ day of July, 2017.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4